In the Matter of MAURICE TISHMAN, Appellant and Respondent, against J. RUSSEL SPRAGUE, as Chairman of the Board of Supervisors of Nassau County, et al., Respondents and Appellants.

In the Matter of ASA A. TRENCHARD, Respondent, against J. RUSSEL SPRAGUE, as County Executive of Nassau County, et al., Appellants and Respondents.

In the Matter of FRANK G. VAN DER VEER, Appellant and Respondent. J. RUSSEL SPRAGUE, as County Executive and Chairman of the Board of Supervisors of Nassau County, et al., Respondents and Appellants.

Argued February 21, 1944; decided March 10, 1944.

*Joseph F. Carlino* for Maurice Tishman, appellant and respondent. I. The order of the court below, insofar' as it directs the election of two assemblymen at large from one Assembly district, is unconstitutional and erroneous. (*Matter of Burns* v. *Flynn,* 155 Misc. 742, 245 App. Div. 799, 268 N. Y. 601.) II. The ordinance adopted violates the mandatory prohibition against the division of a town and is therefore a nullity. (*Baird et al.* v. *Supervisors, etc.,* 138 N. Y. 95; *Matter of Baird,* 142 N. Y. 523; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185.) III. The only possible means of constitutional apportionment is that advocated in the petition.

*Marcus G. Christ,* County Attorney (*John J. Knob* and *G. Burchard Smith* of counsel), for J. Russel Sprague et al., constituting the Board of Supervisors of Nassau County, appellants and respondents. I. The whole purpose of the Reapportionment Act (L. 1943, ch. 359) was to give greater representation to counties whose population had grown since the last legislative apportionment. Nassau County was one of these, and accordingly its assemblymen have been increased from two to four. Nassau County should not be deprived of this increased representation. II. The proposal that the town of North Hempstead constitute one district, the town of Oyster Bay with Glen

Cove, a second district, the town of Hempstead a third district, and the city of Long Beach a fourth would result in gross inequality in the citizen population between the Long Beach district and the town of Hempstead district. One district would have 259,318 total population, the other 9,036. III. The Constitution must be construed in its entirety and where two provisions are in conflict, both mandatory as they are here, the one which accomplishes the fundamental purposes of the law must prevail. IV. The proposal adopted by the lower court that the town of North Hempstead constitute one district, the town of Oyster Bay with the city of Glen Cove a second district, and that the town of Hempstead with the city of Long Beach be treated as a single district from which there should be elected two assemblymen is in disharmony with the Constitutional provisions. V. The prohibition against the division of the town should give way in favor of the election of assemblymen by single districts. (*Koenig* v. *Flynn,* 258 N. Y. 292, 285 U. S. 375; *Matter of Burns* v. *Flynn,* 155 Misc. 742, 245 App. Div. 799, 268 N. Y. 601.) VI. The proposal that the town of North Hempstead constitute one district, the town of Oyster Bay with the city of Glen Cove a second district; that part of the town of Hempstead should constitute a third district and part of the town of Hempstead with the city of Long Beach should constitute a fourth district is the fairest and most nearly in the spirit of representative government. It meets in principle the constitutional purpose, but it appears to offend the single provision against the division of a town. (*Matter of O'Brien* v. *Boyle,* 219 N. Y. 195; *Matter of Dowling,* 219 N. Y. 44.) VII. This court must say whether the action of the Board of Supervisors so violates the fundamental law that it should be set aside. If it is unreasonable, it must, of course, be set aside, but if no other rule for a division can be found which produces so sound a result as this, the Board of Supervisors' action should be sustained.

*Ferdinand I. Haber* for Frank G. Van Der Veer, appellant and respondent. I. The ordinance is void *in toto.* II. Election of two assemblymen at large from the second Senate district would contravene mandatory constitutional provisions. (*Carroll* v. *Becker,* 285 U. S. 380; *Koenig* v. *Flynn,* 258 N. Y. 292,

285 U. S. 375.) III. The Tishman plan is less objectionable than either the ordinance or the Trenchard plan. IV. The apportionment statute which requires unconstitutional action with respect to the county should be set aside. (*Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185; *Matter of Dowling,* 219 N. Y. 44; *People ex rel. Henderson* v. *Supervisors,* 147 N. Y. 1; *Baird et al.,* v. *Supervisors, etc.,* 138 N. Y. 95; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473.)

*Samuel M. Levy* for Asa A. Trenchard, respondent. I. The fundamental objective of the constitutional provisions concerning apportionment is to secure to the people just and fair representation in the Legislature. (*Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185; *People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48; *The People* v. *Fancher,* 50 N. Y. 288.) II. The court below, finding that it is impossible within the limits of the Constitution to divide the second Senate district into Assembly districts, was right in its order directing that until a division of said Senate district shall be legally and constitutionally possible, two members of Assembly should be elected at large from the territory comprising the second Senate district. (*The People ex rel. Jackson* v. *Potter,* 47 N. Y. 375; *Oppenheim* v. *Kridel,* 236 N. Y. 156; *People ex rel. Henderson* v. *Supervisors,* 147 N. Y. 1; *Koenig* v. *Flynn,* 258 N. Y. 292, 285 U. S. 355.)

*Per Curiam.* The Board of Supervisors of Nassau County, assuming to act pursuant to section 124 of the Reapportionment Act of 1943 (L. 1943, ch. 359), adopted Ordinance No. 83-A which divided the county into four Assembly districts. The constitutionality of that ordinance was thereafter challenged by each of the three proceedings now before us. At Special Term the ordinance was declared unconstitutional insofar as it purports to divide the town of Hempstead into two Assembly districts. The order of Special Term contains the recital that in the opinion of the court " it is impossible within the limitations of the Constitution to divide the second senate district into assembly districts ", which recital is followed by provisions designed to carry into effect the election of two members of Assembly at large from the territory comprising the second Senate district " until a division of said senate district shall be legally and constitutionally possible."

Direct appeals to this court from the order of Special Term were taken by the Board of Supervisors of Nassau County and by the petitioners Tishman and Van Der Veer pursuant to section 588, subdivision 4, of the Civil Practice Act. That statute empowers this court on a direct appeal to determine only " the validity of a statutory provision of the state or of the United States under the constitution of the state or of the United States " and directs that " on any such [direct] appeal only the constitutional question shall be considered and determined by the court."

Each of the appellants now before us concedes that Ordinance No. 83-A violates article III section 5 of the State Constitution by dividing the town of Hempstead into two Assembly districts. Upon its direct appeal it is the position of the Board of Supervisors that — " if no other rule for a division can be found which produces so sound a result as this, the Board of Supervisors' action should be sustained." The petitioners Tishman and Van Der Veer ask us to consider and determine the constitutionality of different plans — not adopted by the Board of Supervisors — for dividing Nassau County into Assembly districts. We are also asked to determine the constitutionality of the order of Special Term insofar as it directs the election at large of two members of the Assembly until a division of the second Senate district shall be legally and constitutionally possible.

The narrow scope of our jurisdiction on direct appeal — defined by article VI, section 7, subdivision 3, of the Constitution and section 588, subdivision 4, of the Civil Practice Act — will not permit us to pursue the inquiries demanded by the notices of appeal served by the several appellants. Each of the direct appeals now before us involves questions other than the single question of " the validity of a statutory provision of the state or of the United States under the constitution of the state or of the United States " (Const. art. VI, § 7, subd. 2; Civ. Prac. Act, § 588, subd. 4).

The appeals should be dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Appeals dismissed.