In the Matter of MAURICE TISHMAN, Appellant and Respondent, against J. RUSSEL SPRAGUE, as Chairman of the Board of Supervisors of Nassau County, et al., Respondents and Appellants.

In the Matter of ASA A. TRENCHARD, Appellant and Respondent, against J. RUSSEL SPRAGUE, as County Executive of Nassau County, et al., Respondents and Appellants.

In the Matter of FRANK G. VAN DER VEER, Appellant and Respondent. J. RUSSELL SPRAGUE, as County Executive and Chairman of the Board of Supervisors of Nassau County, et al., Respondents and Appellants.

Argued May 15, 1944; decided June 7, 1944.

*Ferdinand I. Haber* for Frank G. Van Der Veer, petitioner-appellant and respondent. I. Affirmance of the order appealed

from will leave the Board no choice but to adopt the Tishman plan. (*Matter of Fay,* 291 N. Y. 198.) II. To declare the ordinance void *in toto* would not be disregard of or disrespect for the Constitution.

*Samuel M. Levy* for Asa A. Trenchard, petitioner-appellant and respondent.

*Joseph F. Carlino* for Maurice Tishman, petitioner-appellant and respondent.

*Marcus G. Christ, County Attorney* (*John J. Knob* and *G. Burchard Smith* of counsel), for J. Russel Sprague and others, constituting the Board of Supervisors of Nassau County, respondents and appellants. I. That the Board of Supervisors should do nothing to apportion the four assemblymen, but that only two assemblymen from Nassau County should be hereafter elected, would be wrong in substance. II. The proposal that town of North Hempstead constitutes one district, the town of Oyster Bay with the city of Glen Cove a second district, the town of Hempstead a third district, and the city of Long Beach a fourth, if upheld, would result in gross inequality in the citizen population between the Long Beach District and the Town of Hempstead District. III. The proposal adopted by the lower court that the town of North Hempstead constitute one district, the town of Oyster Bay with the city of Glen Cove a second district, and that the town of Hempstead with the city of Long Beach be treated as a single district from which there should be elected two assemblymen is in disharmony with constitutional injunctions. (*Koenig* v. *Flynn,* 258 N. Y. 292, 285 U. S. 375; *Matter of Burns* v. *Flynn,* 155 Misc. 742, 245 App. Div. 799, 268 N. Y. 601.) IV. The proposition that the town of North Hempstead constitute one district, the town of Oyster Bay with the city of Glen Cove a second district; that part of the town of Hempstead should constitute a third district and part of the town of Hempstead with the city of Long Beach should constitute a fourth district is from every point of view the fairest and most nearly in the spirit of representative government. (*Matter of O'Brien* v. *Boyle,* 219 N. Y. 195; *Matter of Dowling,* 219 N. Y. 44.)

LEWIS, J. The Apportionment Act of 1943 directs that of the one hundred and fifty members comprising the Assembly of New York State (Const. art III, § 2) four members shall be apportioned to Nassau County (L. 1943, ch. 359, § 123). When the Board of Supervisors met to divide that county into four Assembly districts (Apportionment Act, § 124) it adopted "Ordinance No. 83-A, 1943" by the terms of which two Assembly districts were apportioned to the town of Hempstead thus *dividing* that township. Thereafter the constitutionality of the ordinance was challenged by the three proceedings captioned above which have been consolidated by formal order. At Special Term it was ruled that insofar as the ordinance in question purports to create two Assembly districts in the second Senate district by *dividing* the town of Hempstead it violates article III, section 5, of the Constitution. In its order the court at Special Term stated its opinion to be " * * * that it is impossible within the limitations of the Constitution to divide the second senate district into assembly districts, and that until a division of said senate district shall be legally and constitutionally possible, two members of Assembly at large should be elected from the territory comprising the second senate district". The order then directed the Board of Supervisors to reconvene and rescind the ordinance insofar as it affects the second Senate district and to take such proceedings " * * * as may be necessary to carry into effect the election of two members of Assembly at large in the territory now comprising the second senate district," thereby granting the application of the petitioner Trenchard to that extent. The applications of the petitioners Tishman and Van Der Veer were dismissed except for the limited relief directed.

After a futile attempt by direct appeals to review in this court the order of Special Term (see *Matter of Tishman* v. *Sprague*, 292 N. Y. 235), appeals were taken to the Appellate Division [Civ. Prac. Act, § 592, subd. 5 (d)] where the order of Special Term was modified on the law by striking out those provisions which directed the Board of Supervisors to carry into effect the election of two members of Assembly at large in the second Senate district. The order of the Appellate Division also directed that the applications of the peti-

tioners Tishman, Trenchard and Van Der Veer be granted to the limited extent of declaring the ordinance in question void as contrary to the Constitution.

The appellants, members of the Board of Supervisors, are under a constitutional duty to divide the county of Nassau into Assembly districts. That duty is prescribed in the following portion of article III, section 5 of the Constitution — the italicized clauses being those provisions which have peculiar application to our present problem: "§ 5. The members of the assembly *shall be chosen by single districts* and shall be apportioned by the legislature at each regular session at which the senate districts are readjusted or altered, and by the same law, among the several counties of the state, as nearly as may be according to the number of their respective inhabitants, excluding aliens. * * * *In any county entitled to more than one member, the board of supervisors,* and in any city embracing an entire county and having no board of supervisors, the common council, or if there be none, the body exercising the powers of a common council, *shall* assemble at such times as the legislature making an apportionment shall prescribe, and *divide such counties into assembly districts as nearly equal in number of inhabitants, excluding aliens, as may be, of convenient and contiguous territory in as compact form as practicable, each of which shall be wholly within a senate district formed under the same apportionment, equal to the number of members of assembly to which such county shall be entitled,* and shall cause to be filed in the office of the secretary of state and of the clerk of such county, a description of such districts, specifying the number of each district and of the inhabitants thereof, excluding aliens, according to the census or enumeration used as the population basis for the formation of such districts; and such apportionment and districts shall remain unaltered until after the next reapportionment of members of assembly. *In counties having more than one senate district, the same number of assembly districts shall be put in each senate district,* unless the assssembly districts cannot be evenly divided among the senate districts of any county, in which case one more assembly district shall be put in the senate district in such county having the largest, or one less assembly district shall be put in the senate district in such

county having the smallest number of inhabitants, excluding aliens, as the case may require. *No town,* and no block in a city inclosed by streets or public ways, *shall be divided in the formation of assembly districts,* nor shall any districts contain a greater excess in population over an adjoining district in the same senate district, than the population of a town or block therein adjoining such assembly district. Towns or blocks which, from their location may be included in either of two districts, shall be so placed as to make said districts most nearly equal in number of inhabitants, excluding aliens. Nothing in this section shall prevent the division, at any time, of counties and towns and the erection of new towns by the legislature.''

The application to Nassau County of the constitutional provisions quoted above presents unique difficulties which arise chiefly from the geographical distribution of population. Nassau County comprises three townships — Hempstead, North Hempstead and Oyster Bay all of which are contiguous. The Apportionment Act of 1943 apportioned to Nassau County two Senate districts, one of which is designated in the statute as the '' second '' Senate district and consists of the Town of Hempstead and the City of Long Beach; the other is the '' third '' Senate district which consists of the Towns of North Hempstead and Oyster Bay and the City of Glen Cove. (L. 1943, ch. 359, § 121.) In the present consolidated proceeding the orders at Special Term and the Appellate Division do not declare unconstitutional the ordinance in question which divides the '' third '' Senate district into two Assembly districts as follows: The third Assembly district comprises the Town of North Hempstead, having a citizen population of 77,239, and the fourth Assembly district comprises the Town of Oyster Bay and City of Glen Cove, having a citizen population of 50,362. The controversy arises over the division into two Assembly districts of the second Senate district which comprises the remainder of Nassau County, viz., the single Town of Hempstead having a citizen population of 247,243, and the City of Long Beach having a citizen population of 8,422.

We agree with the ruling by the Appellate Division that the order of Special Term was erroneous insofar as it directed

the Board of Supervisors of Nassau County to carry into effect the election of two members of Assembly at large in the territory now comprising the second Senate district. Such action would contravene article III, section 5, of the Constitution which requires that members of the Assembly shall be chosen by single districts.

We are also in accord with the ruling at the Appellate Division that the ordinance in question contravenes the State Constitution insofar as it purports to *divide* the Town of Hempstead in creating two Assembly districts in the " second " Senate district. In language which could not be clearer the Constitution (art. III, § 5) provides — " No town * * * shall be divided in the formation of assembly districts, * * *." That mandate governs official action taken to accomplish the formation of Assembly districts. Neither courts nor legislative bodies — including in this instance the Board of Supervisors — have the right, by construction, to vary the meaning made clear by the exact language used. (*People* v. *Rathbone,* 145 N. Y. 434, 440.) If, by reason of unique local conditions, the constitutional mandate serves to confuse rather than to solve the problem of apportionment — " * * * the consequences must be accepted as inherent in government by law instead of government by edict." (*Fox* v. *Standard Oil Co.,* 294 U. S. 87, 102.)

We pause to note, however, that in formulating the principles which govern the creation of Assembly districts the framers of the Constitution apparently recognized that perfect equality of representation could not be attained by the application of the several rigid mandates, such as the prohibition against division of towns and other mandatory rules found in article III, section 5. To bring equal representation as near attainment as possible the more pliant provision was inserted which requires " * * * the board of supervisors * * * [to] divide such counties into assembly districts *as nearly equal in number of inhabitants * * * as may be * * ** " (emphasis supplied). The Board may not disregard or vary the mandatory rules. Although their application may lead to inequality of representation it is the duty of the apportioning body to divide the county " * * * into assembly districts as nearly equal in number of inhabitants * * * as may be * * * " within the mandatory rules. As to the duty thus vested in the appor-

tioning body this court has had occasion to say (per PECKHAM, J.) in *Baird et al.* v. *Supervisors, etc.* (138 N. Y. 95, 114): " We do not intend by this decision to hold that every trifling deviation from equality of population would justify or warrant an application to a court for redress. Such, we think, is not the meaning of the provision. It must be a grave, palpable and unreasonable deviation from the standard, so that when the facts are presented argument would not be necessary to convince a fair man that very great and wholly unnecessary inequality has been intentionally provided for."

Our concern here is with the power exercised by the Board of Supervisors, not with its wisdom. We hold, as did the Appellate Division, that the Board has taken no legal action to create two Assembly districts in the second Senate district of Nassau County, and that action by the Board directed by the order of Special Term — to carry into effect the election of two members of Assembly at large in the territory now comprising the second Senate district — is not authorized by the law of this State. Under the order of the Appellate Division, which we affirm, the duty is still upon the Board of Supervisors to create two Assembly districts in the second Senate district of Nassau County in conformity with article III, section 5, of the Constitution. It is not within our jurisdiction to dictate further as to the manner of performance of that duty.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed.