J. Robert Lynch, J.
Petitioners are in the process of seeking, under article 7 of the Real Property Tax Law, judicial review of the assessments made of their properties by the Commissioner of Assessments of the City of Syracuse. After answers were served and prior to 20 days before trial, the petitioners, acting under section 716 of the Real Property Tax Law, served upon the respondent demands that he admit, for the purpose of each proceeding, that 60% is the ratio which the assessed Valuation of the real property of the tax district bears to its full value.
The respondent, answering these demands within 15 days, stated: that he is required by law to assess property at full value; that requiring him to admit assessing at 60% of full value would require an admission of failure to perform a legal *374 duty; that section 716 of the Real Property Tax Law is ineffective for these proceedings since the 1960 assessment rolls questioned were corrected and completed prior to the effective date of the statute. Therefore, in his words, the respondent “ elects to decline to admit or deny ” the 60% ratio.
Petitioners, by show cause order, now seek to vacate the respondent’s answer to the demands on the primary ground that it is a sham and frivolous evasion of the requirements of section 716.
On the return of the show cause order, the respondent further extended his position taken on the answers to the demands by denying any efficacy to any of the provisions of article 7 of the Real Property Tax Law, asserting that total relief to aggrieved taxpayers is provided by the Syracuse City Charter.
The applicable provisions of section 716 are clear and explicit:
‘ ‘ § 716. Admission of percentage of full value at which real property is assessed
“ 1. * * * at any time after answer has been served or has been deemed made and not later than twenty days before the trial, the petitioner may serve upon the respondent a demand for admission for the purposes of such proceeding that the percentage of full value at which other real property is assessed in the unit is a percentage specified in such demand * * *. Unless the respondent within fifteen days after service of such demand * * * serves and files a notice specifically denying that the percentage specified in such demand is correct, such percentage shall be deemed admitted.”
The wording of the statute being clear and explicit, the court must apply it (Matter of Tishman v. Sprague, 293 N. Y. 42, 50, citing People v. Rathbone, 145 N. Y. 434, 440), unless any of the reasons set forth by the respondent renders it inapplicable or ineffective.
Section 117 of article VII of the city’s charter (Local Laws, 1935, No. 7 of City of Syracuse, amdg. L. 1885, ch. 26, as amd.; Local Laws, 1938, No. 11 of City of Syracuse) is entitled “Assessment Procedure ” and sets forth the steps to be followed by an aggrieved taxpayer up to the final correction of the rolls by the Commissioner of Assessments. Its terms provide no manner or method of review of an assessment made final by the act of the Commissioner.
The charter does, however, recognize the availability of judicial review. The last sentence of section 117 says, “ For the purpose of obtaining an order to show cause under the provisions of the Syracuse tax and assessment act, chapter seventy-five, laws of nineteen hundred and six, as amended, said assess *375 ment rolls shall be deemed to be finally corrected as of September thirtieth of nineteen hundred and thirty-eight and September thirtieth of each year thereafter.5 ’
Chapter 304 of the Laws of 1923 is an amendment of chapter 75 of the Laws of 1906 and is entitled “AN ACT to supplement the provisions of law relating to the department of assessment and taxation of the City of Syracuse, generally ”. Its section 2 provides substantially that, within 15 days after the correction of the rolls, an aggrieved taxpayer may apply to the County Judge or a Supreme Court Judge sitting in the county for an order requiring the Board of Assessors to show cause why the assessment should not be deemed unjust or unreasonable. It provides that, on the return, the “ corporation counsel shall appear for such board at any such hearing and the matter shall be heard and determined before such judge sitting in said courthouse and in such manner as such judge may direct ”.
The same section, hereinafter referred to simply as the Laws of 1923, further states that “ No other action or proceeding to set aside, vacate, cancel, annul, review, reduce or otherwise question, test or affect the legality or validity of any such assessment for any general city tax, shall be maintained nor the legality or validity thereof be subject to question, except in a proceeding as herein above provided.”
On the other hand, the relief provided by article 7 of the Real Property Tax Law, being sought by the petitioners, is available, according to section 700 thereof, only when relief is not otherwise provided by law.
Thus, the respondent feels that the remedy provided by the Laws of 1923 completely excludes any remedies or procedures made available by article 7 of the Real Property Tax Law.
The petitioners admit the efficacy of the Laws of 1923 and their application to this proceeding. For example, they each commenced this proceeding within the 15-day limitation provided therein and did not seek to use the additional 15 days provided by paragraph 2 of section 702 of the Real Property Tax Law. It is their contention, however, that section 716 of the Real Property Tax Law provides a procedure that is supplementary to, and not amendatory of, that provided by the Laws of 1923 and that for that reason it is available to them.
The court is in agreement with the petitioners’ contention.
The application of section 716 of the Real Property Tax Law presents no obstacle to a scrupulous observance of the requirements of the Laws of 1923. Of itself, it does not question, test or affect the legality or .validity of any assessment. It conflicts with no other available remedy. It alters no substantive
*376 rights. It simply provides .an evidentiary tool to shorten the hearing and reduce the expense of assessment review.
The Laws of 1923, by providing that ‘‘ the matter shall be heard and determined * * * in such manner as such judge may direct ’ ’ leaves matters of evidence to the discretion of the court. The Legislature has seen fit to limit that discretion by the enactment of section 716 of the Real Property Tax Law.
Respondent’s contention that section 716, is inapplicable because it took effect on October 1, 1959 while the assessments became final on September 30, 1959 is without merit. The section is derived from and is substantially the same as its predecessor, section 292-a of the Tax Law. Section 1608 of the Real Property Tax Law provides that in such instances the latter law is a codification and continuation of the former and not a new enactment.
Respondent’s argument that he should be permitted to stand mute because to admit assessing at 60% of value would be to admit a failure of his legal duty is novel, to say the least. It is tantamount to a claim that no taxpayer has a right to learn from the assessor the basis upon which the assessor exacts money from him. The court knows of no law giving an assessor or a municipality such a prerogative or privilege.
Section 716 of the Real Property Tax Law, being effective and applicable and the respondent not having specifically denied the percentage specified in the demand, such percentage is deemed admitted. Submit order.