THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARK KLAFF, Defendant.

District Court, First District, Nassau County, September 11, 1962.

*Manuel W. Levine, District Attorney (Vincent Starace* of counsel), for plaintiff. *George Singer* for defendant.

FRANCIS J. DONOVAN, J. There is before this court an information charging the defendant with felonious assault upon his wife. The question presented is whether or not the matter should be transferred to the new Family Court pursuant to section 813 of the Family Court Act (L. 1962, ch. 686, as amd.).

The section reads as follows: " § 813. Transfer to family court. Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court in which complaint was made to the family court in the county in which the criminal court is located, unless the family court had transferred the proceeding to the criminal court or unless the complaint is withdrawn within three days of the time it was made."

The act requires interpretation because of the failure to mention specifically, or distinguish between, misdemeanor and felony assaults.

A cursory reading would indicate that the matter should be transferred to the Family Court. But, a consideration of the purpose of the new act and pertinent constitutional provisions dictate a contrary conclusion.

Section 811 of the Family Court Act provides:

" § 811. Finding and purpose. In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a ' criminal charge ' to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.

" The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court."

Such has been the experience of this court with misdemeanor assault complaints filed by wives. A substantial number, if not the majority of the complaints, are withdrawn and the last thing the wife wishes is the incarceration of the pugnacious spouse. This is obviously the type of assault contemplated by the transfer provisions of section 813 of the act.

The felonious assault charge is of less frequent occurrence. The very nature of such a charge indicates that it cannot be

processed under the conciliatory, remedial procedures embodied in the Family Court Act.

The Family Court makes no reference to Grand Jury action and has no provision comparable to the felony examination provided by section 190 of the Code of Criminal Procedure.

A felonious assault is an infamous crime. (*People* v. *Bellinger,* 269 N. Y. 265.)

A person may not be held to answer for such a crime except on indictment by a Grand Jury. This is a fundamental right guaranteed by the Fifth Amendment to the Constitution of the United States and section 6 of article I of the Constitution of the State of New York.

The temporary detention of such a person pending Grand Jury action is an exception arising out of necessity (*Ayers* v. *Russell,* 50 Hun 282).

Such temporary detention is qualified by provision for prompt inquiry to determine whether adequate cause exists to justify the detention (Code Crim. Pro., § 190). Detention under the Magistrate's commitment may be terminated if the prosecutor does not process the matter with diligence (cf. *People* v. *Delfs,* 31 Misc 2d 655).

The Family Court Act contains no such safeguards. Due process would seem to require such limitations on a temporary detention pending Grand Jury action (cf. *Matter of Hogan* v. *New York Supreme Ct.,* 295 N. Y. 92).

In the light of the conditions sought to be remedied, the declaration of purpose embodied in section 811 of the Family Court Act, and the pertinent constitutional limitations, it seems clear that felony complaints involving family assaults are not subject to article 8 of the Family Court Act and the Legislature did not intend to confer jurisdiction of such matters on the Family Court.

This court will retain this complaint and proceed in accordance with the applicable provisions of the Code of Criminal Procedure.

Since this is a matter of first impression under a statute which has been in effect for only a few days, copies of this opinion will be forwarded to the Family Court, County Court, and presiding Judge of the District Court and the District Attorney for their consideration.

In the event that experience in the administration of the new act or study of the law should impair the cogency of this opinion, this decision may be reconsidered. However, the immediate decision is deemed necessary to progress the specific proceeding.

It should be noted that a defendant's consent or waiver could not obviate the necessity for Grand Jury action (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314).