THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARK KLAFF, Defendant.

District Court, First District, Nassau County, September 13, 1962.

*William Cahn, District Attorney (Henry Meyer* of counsel), for plaintiff. *George Singer* for defendant.

FRANCIS J. DONOVAN, J. The defendant appeared before the court with counsel. The court granted reargument to re-examine the decision heretofore rendered, which held that felony assaults in family matters are not to be transferred by this court to the Family Court.

Upon reargument, the court adheres to its prior decision and finds additional support in the law. Sections 721 and 722 of article 7 of the Family Court Act (L. 1962, ch. 686, as amd.) specifically refer to felonies committed by persons under the age of 16. Such persons are handled as juvenile delinquents and no action by a Grand Jury is contemplated. This, however, is not new.

A similar situation was before the Court of Appeals in the year 1913: In *People* v. *Kaminsky* (208 N. Y. 389) the facts were as follows:

An 11-year-old boy was convicted in the Court of Special Sessions, Children's Part, of having stolen a pocketbook and sentenced to the House of Refuge. Objection was made that the statute authorizing the prosecution of the defendant in Special Sessions violated section 6 of article I of the State Constitution since it permitted a person to be held for an infamous crime without indictment by a Grand Jury.

The court said (p. 394): "Whatever the original view of the subject may have been, the present judgment is that within this and similar constitutional provisions, the character of the offense is determined by the nature of the punishment rather than by its supposed moral turpitude. (*Ex parte Wilson*, 114 U. S. 417; *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190.) Even were moral turpitude still the test, the legislation before us could not be condemned because plainly the immature age of the offender might well be considered to diminish the extent of its moral

transgression. The statute reduces crimes committed by children under sixteen to the grade of misdemeanors, and the punishment which the court has power to impose is only the same as that which may be inflicted for other misdemeanors.''

In short, children may be tried for felonies under the juvenile delinquency sections of the act without running afoul of the Constitution because felonies committed by them are not felonies, but as a matter of law, misdemeanors. Therefore, they are not infamous crimes.

Conversely, *People* v. *Kaminsky* (*supra*) by necessary implication establishes that the basic proposition in the opinion heretofore rendered by this court is that a person may not be held to answer a felony assault by this court for action by the Family Court. To do so would violate the Constitutions of the United States and of the State of New York.

Accordingly, the arraignment has proceeded and on defendant's waiver of his right to a felony examination, it is directed that he be held for action by the Grand Jury and bail heretofore set be continued.