William B. Brennan, Jr., J.
This proceeding under article 78 of the Civil Practice Act presents a problem of statutory construction. The statute to be construed is the Family Court Act (L. 1962, eh. 686), and the question presented is whether the new Family Court has exclusive jurisdiction over a first degree criminal assault case merely because the assault was allegedly committed by one spouse upon the other.
Petitioner was, on December 11, 1962, indicted by the Grand Jury for the crime of assault in the first degree in that “ defendant * * * with intent to kill, assaulted Carmela Bicapito, by stabbing her with a knife, the same being a deadly weapon.” The indictment was handed up to the Nassau County Supreme Court, which, upon motion of the District Attorney, transferred the case to the County Court of Nassau County for trial. The defendant was arraigned on December 13, 1962, pleaded not guilty and was remanded pending trial.
The relief now sought is in the nature of both mandamus and prohibition. Petitioner seeks to compel the County Court to transfer the proceeding to the Family Court, and seeks to pro *711 Mbit the People of the State of New York, the District Attorney of Nassau County and the County Court from, prosecuting him in the County Court.
Reliance is placed upon the wording of sections 812 and 813 of the Family Court Act, which, in pertinent part, read as follows: “ § 812. Jurisdiction. The family court has exclusive * * * jurisdiction over any proceeding concerning acts which would constitute # * * an assault between spouses “ § 813. Transfer to family court. Any criminal complaint charging * * * an assault between spouses * * * shall be transferred by the criminal court in which complaint was made to the family court.” (Emphasis supplied.)
At first glance this language would appear to be plain and unambiguous, but, when read in connection with other sections of the act itself, with other statutes, and with constitutional concepts of criminal law, it becomes clouded, and presents a proper instance for inquiry into legislative intent.
The statutory pattern or legislative scheme is set forth in section 811 of the act, “ Finding and purpose
“ In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a ‘ criminal charge ’ to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.
“ The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court.”
The stated intention of the Legislature was thus to substitute a “ civil proceeding,” remedial and conciliatory in nature, for such cases which theretofore had found their way into Criminal Court, not because the People of the State had been affronted, but because the complainant needed help. TMs objective would hardly be consistent with the substitution of a “ civil proceeding ” for a criminal trial in oases where the crime was infamous, and would have found its way into the Criminal Court because of the very nature of the offense. It is argued with some force, however, that the Legislature, aware of this distinction, and in *712 no way intending to limit criminal prosecutions, nevertheless empowered the Family Court in the first instance, and exclusive of any other court, to make the determination as to which of the assaults would be heard in its own “civil proceeding,” and which would be transferred to the appropriate Criminal Court.
This argument, however, cannot withstand analysis. Section 6 of article I of the New York State Constitution provides that: “ The power of grand juries * * * to find indictments * * * shall never be suspended or impaired by law. ” If the Family Court under the act had unfettered discretion exclusive of any other court or agency, to make its own determination of which assaults it would retain, and which it would transfer for criminal prosecution, it would then have the power to checkmate criminal law enforcement. This becomes apparent when reference is had to section 845 of the act, which would apply to all assault cases which the court would retain and in which it would have conducted a dispositional hearing, which section reads as follows:.“ § 845. Effect of order of disposition. When the terms of an order of disposition made under this article are satisfied, no criminal proceeding mag be commenced with respect to the acts which would constitute disorderly conduct or assault on which the adjudication giving rise to the order of disposition was based.” (Emphasis supplied.) Any interpretation of the Family Court Act which would thus empower a Family Court Judge to conduct a civil proceeding which would bar a criminal proceeding for the same acts would both suspend and impair the constitutional power of the Grand Jury, and thus run afoul of the constitutional mandate. The power of the Grand Jury is such that it may indict even though a Magistrate has held a hearing and discharged the accused. (See People ex rel. Hirschberg v. Close, 1 N Y 2d 258 and cases there cited.) A fortiori, the Grand Jury may indict whether the accused is before the Family Court for hearing, whether he has been tried before the Family Court (for, since the proceeding there is designated as “ civil”, the accused could not claim the benefit of the double jeopardy clause), or whether he is seeking to be transferred to the Family Court. The statute simply cannot divest the Grand Jury of its power.
There is no need, however, to construe the Family Court Act in such a manner. As was stated in People v. Ringe (197 N. Y. 143, 150): “Where a statute admits of two constructions, one of which will make the act in violation of the Constitution and by the other of which the act can be sustained as a proper exer- • cise of- legislative power, that construction should be given which assumes that the legislature was mindful of its eoiMi *713 tutional limitations, and passed a constitutional, and not an unconstitutional act.”
This Family Court Act can and should be interpreted in harmony with this familiar canon of construction. The term ‘ ‘ exclusive jurisdiction ’ ’ as applied to inferior courts has been held not to limit the jurisdiction of courts of general jurisdiction (People v. McCarthy, 168 N. Y. 549; People v. Wenk, 71 Misc. 368) and the identical term as used in the Family Court Act should, in accord with the rule in those cases, be considered merely as defining jurisdiction between that court and other inferior courts when those courts sit as Courts of Special Sessions and not when the Judges of those other inferior courts sit as committing Magistrates. This is in accord with the result reached by Judge Francis J. Donovan of the Nassau County District Court in People v. Klaff (35 Misc 2d 859, 35 Misc 2d 862) where it was held that felony complaints involving family assaults are not subject to article 8 of the Family Court Act.
Moreover, under section 22 of the Code of Criminal Procedure, the Supreme Court has jurisdiction “1. To inquire, by the intervention of a grand jury, of all crimes committed or triable in the county ” and the County Court, under section 39 of the Code of Criminal Procedure has jurisdiction to try and determine such crimes. The only limitation on this jurisdiction is that specifically set forth in the statutes and no limitation was included for the matters over which the Family Court has jurisdiction as it was for matters over which the Courts of Special Sessions and" the Youth Court have jurisdiction. This court cannot read such a limitation into the statutes where the Legislature did not include it. Sections 22 and 39 of the Code of Criminal Procedure were amended in 1962 at the same legislative session in which the Family Court bill was enacted. If the Legislature had intended to limit the jurisdiction of the County and Supreme Courts as it did for crimes covered by section - 56 et seq. of the Code of Criminal Procedure it would have done so.
This is also in accord with the legislative history of the Family Court. The Joint Legislative Committee on Court Reorganization in its January 30, 1962 Report, stated: “the proposed Family Court Act does not at this time include provisions for the conduct of any criminal trial in the new court. It does, however, transfer from the criminal courts to the Family Court certain proceedings which do not lend themselves to criminal court treatment and which would benefit from the procedures of the Family Court.” (Emphasis supplied.) (McKinney’s Session Laws of New York, 1962, vol. 2, p. 3430.)
*714 Assault with a knife with intent to kill cannot be regarded as a matter which would lend itself to Family Court treatment rather than criminal prosecution and could not have been intended by the Legislature to be referred to the Family Court. As stated by the committee report 1 ‘ the aim is not punishment, but practical help.” When it is remembered that first degree assault with a dangerous weapon is a crime of such magnitude as to render a Judge impotent to suspend sentence after conviction (Penal Law, § 2188; Matter of Bennett v. Merritt, 173 Misc. 355, affd. 261 App. Div. 824, affd. 286 N. Y. 647) and that punishment by imprisonment is mandatory, it can hardly be presumed that the Legislature intended to substitute ‘ ‘ practical help ” for mandatory imprisonment merely because the crime was committed by one spouse upon another.
The Grand Jury retains its power to indict. The Supreme Court retains its power to receive the indictment. The County Court retains its power to try the accused. The petition is dismissed.