Abraham J. Gellihoff, J.
The Grand Jury of the County of New York has indicted defendant, under separate counts, of the crimes of assault in the second degree, a felony (Penal Law, § 242), and placing a child in such a situation as likely to endanger health, a misdemeanor (Penal Law, § 483). The charges stem from the complaint of defendant’s wife that defendant cut and stabbed her, and that he struck their infant child over the head with a baby bottle, causing it to lapse into unconsciousness. The defendant now moves for an order transferring this case to the Family Court, contending that said court has “ exclusive original jurisdiction over any proceeding concerning acts which would constitute * * * an assault between spouses or between parent and child ” (Family Ct. Act, § 812).
Section 812 of the Family Court Act must be construed, not as a provision standing by itself, but in the light of the State *1064 Constitution and in the context of other statutory provisions dealing with the prosecution of crimes.
The Constitution provides that “ In the city of New York, it [the Supreme Court] shall have exclusive jurisdiction over crimes prosecuted by indictment, provided, however, that the legislature may grant to * * * the family court in the city of New York jurisdiction over crimes and offenses by or against minors or between spouses or between parent and child ” (N. Y. Const., art. VI, § 7, subd. a).
In establishing the Family Court of the State of New York, the Constitution provides that such court “ shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * crimes and offenses by or against minors or between spouses ” (N. Y. Const., art. VI, § 13, subd. b). Subdivision d of the same section explicitly provides, however: 1 ‘ The provisions of this section shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of this article ” (N. Y. Const., art. VI, § 13, subd. d).
Therefore, while the Constitution empowers the Legislature to grant the Family Court in the City of New York jurisdiction over “ crimes and offenses by or against minors or between spouses ” (N. Y. Const., art. VI, § 7, subd. a), the Supreme Court still remains with “ exclusive jurisdiction over crimes prosecuted by indictment ” (N Y. Const., art. VI, § 7; § 13, subd. d).
Nor does the Family Court Act itself (L. 1962, ch. 686, as amd.) purport to divest the Supreme Court of jurisdiction over the crimes involved herein. While section 812 of the Family Court Act — on which defendant relies — does provide that such court has “ exclusive original jurisdiction” over any proceeding concerning acts which would constitute an assault between spouses or between parent and child, the term “ exclusive original jurisdiction” is not intended by the section to divest the Supreme Court of its ‘1 exclusive jurisdiction over crimes prosecuted by indictment ” (N. Y. Const., art. VI, § 7; § 13, subd. d).
Indeed, the Family Court Act itself defines what it means by the term ‘ ‘ exclusive original jurisdiction ’ Thus, section 114 of the Family Court Act provides: “When used in this act ‘ exclusive original jurisdiction ’ means that the proceedings over which the family court is given such jurisdiction must be originated in the family court in the manner prescribed by this act ” (italics supplied).
*1065 The general procedure is delineated in the Family Court Act. Thus a criminal complaint (charging an assault between spouses or between parent and child) is required to be transferred by the criminal court in which complaint was made to the Family Court, unless the Family Court had transferred the proceeding to the criminal court or unless the complaint is withdrawn within three days of the time it was made (Family Ct. Act, § 813). Further, the Family Court may transfer any proceeding, including one transferred to it by a criminal court, to an appropriate criminal court. The Family Court may even reconsider and, with the consent of the court to which the transfer had been made, rescind an order of transfer prior to the hearing of the criminal complaint (Family Ct. Act, § 814; Family Ct. Rules, rule 8).
In summary, therefore, the term “ exclusive original jurisdiction ” as used in section 812 of the Family Court Act, and as applied to assaults between husband and wife or between parent and child, intends that, as between the criminal court and the Family Court, a case falling in that category belongs in the Family Court — but not that the Supreme Court is to be divested of its jurisdiction. Moreover, so that there may be no doubt about it, section 114 of the Family Court Act, after defining the term “ exclusive original jurisdiction ”, in the very next sentence adds the following: “ The provisions of this act shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of article six of the constitution of the state of New York.”
Apart from what has been said, it was never the intention of the Family Court Act to confer upon the Family Court jurisdiction over the type of assault here involved, whether it be felony (cf. People v. Klaff, 35 Misc 2d 859, 861; People v. Dugar, 37 Misc 2d 652) or misdemeanor (see in this connection People v. Rogers, 248 App. Div. 141, affd. 272 N. Y. 612). The purpose of that act was to create a civil proceeding for dealing with certain instances of disorderly conduct and assaults, where practical help was sought, not criminal conviction (Family Ct. Act, § 811). The Family Court is designed to deal with assaults which do not lend themselves to treatment as crimes and which would benefit from the procedures of the Family Court (Second Report of Joint Legis. Comm, on Court Reorganization; McKinney’s 1962 Session Laws, vol. 2, p. 3430).
In the case at bar — the Grand Jury having indicted defendant of a felony — the court may not transfer the proceeding but must retain jurisdiction (N. Y. Const., art. VI, § 19, subd. a). *1066 Whether the facts warrant a reduction of the crime from the grade of felony and a transfer of the case to the Family Court, there to be treated as a civil proceeding, is not before the court. Motion denied.