THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JULIO DE JESUS, Respondent.

Fourth Department, May 26, 1964.

*Robert J. Sullivan* for appellant.

*Charles S. Collesano* for respondent.

WILLIAMS, P. J. The defendant was indicted by a Chautauqua County Grand Jury for assault in the second degree, the indictment alleging that he assaulted Lydia De Jesus by cutting her face with a razor blade. It is not disputed that at the time of the assault Lydia was the wife of the defendant. Upon arraignment under the indictment in County Court the defendant moved for an order transferring the proceeding to Family Court. That motion was granted, and the proceeding was transferred.

The District Attorney now seeks to appeal to this court urging that: (1) Family Court has no felony jurisdiction; (2) County Court had no authority to transfer the proceeding to Family Court; and (3) Family Court cannot divest the Grand Jury of its constitutional power to indict the defendant for this alleged felony.

The contentions must be considered in the light of the court reorganization amendment to the New York State Constitution which became the new article VI, effective September 1, 1962.

It established a unified court system for this State, allocating jurisdiction to the various courts in the system for the purpose of expediting the administration of justice by enabling the courts to better adapt their procedures to the changing demands being placed upon them. A significant and highly important aspect of this reorganization was the creation, in section 13, of the new Family Court which was established specifically to deal with family problems, including certain crimes and offenses between members of the same family or household. Of particular relevance to the present case is subdivision b of that section which provides: "The family court shall have jurisdiction over the following classes of actions and proceedings which *shall* be originated in such family court in the manner provided by law * * * as may be provided by law * * * in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household." (Emphasis added.) Subdivision d of this section states: "The provisions of this section shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of this article."

Section 7, to which this article refers, provides for the general jurisdiction of the Supreme Court in law and equity. Subdivision c thereof provides: "If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts."

These constitutional provisions have been implemented by article 8 of the Family Court Act, which is specifically applicable to family offenses. The Family Court is given "exclusive original jurisdiction over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses" (§ 812). While it is intended that proceedings arising because of such acts be originated by the filing of a petition with the Family Court and that there be resort to the procedures of that court in the first instance (§§ 114, 821–827), provision is made for the transfer of cases should they be commenced in another court. Section 813 provides: "Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court in which complaint was made to the family court in the county in which the criminal court is located, unless the family court

had transferred the proceeding to the criminal court or unless the complaint is withdrawn within three days of the time it was made." It will be noted that the statutory plan requires transfer of the complaint at the very outset of the proceedings before any criminal procedures are invoked. The matter will then be screened and processed and if the Family Court Judge "concludes that the processes of the family court are inappropriate", he may transfer the proceeding to the appropriate criminal court (§ 814, subd. [a]).

Subdivision c of section 7 and section 13 of article VI of the Constitution and sections 812 and 813 of the Family Court Act must of necessity be construed together. Subdivision d of section 13 specifically refers to section 7, and of course under subdivision c of section 7 as to the new classes of proceedings created by subdivision b of section 13, both Supreme Court and Family Court have jurisdiction provided that the procedures enacted by the Legislature, as permitted and contemplated by subdivision b of section 13 and subdivision c of section 7 are followed. In other words, if a petition should happen to be presented to Supreme Court in a matter that should have been initiated in Family Court, Supreme Court is not without jurisdiction either to dismiss or transfer the matter to Family Court in accordance with the constitutional mandate. It may also well be that Supreme Court could retain the matter, but it would then be acting as a Family Court and would be required to follow the processes and procedures of the Family Court Act.

Moreover, we emphasize the specific direction in subdivision b of section 13 of article VI of the Constitution that, as may be provided by law, proceedings arising from crimes and offenses between spouses *shall be originated* in Family Court in the manner provided by law. The use of the word "shall" in this instance mandates the initiation of such proceedings in Family Court. (*People* v. *Dugar*, 37 Misc 2d 652.) While it may be proper, in some instances, to construe a statute employing the word "shall" in a permissive or directory sense (see, e.g., *Matter of State of New York*, 207 N. Y. 582; *Matter of Ehrenberg* v. *Persons*, 8 A D 2d 18; McKinney's Cons. Laws of N. Y., Book 1, Statutes, p. 254), such construction is not available when the interpretation of a constitutional provision is involved. In such cases the language is mandatory. (See *Matter of Tishman* v. *Sprague*, 293 N. Y. 42; *People* v. *Rathbone*, 145 N. Y. 434; 11 Am. Jur., Constitutional Law, § 69; 8 N. Y. Jur., Constitutional Law, § 40.)

In the present case the procedures established by the Family Court Act were not followed. After his surrender to the police,

the defendant was arraigned, admitted to bail and ordered held for the Grand Jury. The matter should have been transferred to Family Court at the time of the arraignment. Nevertheless, the defendant was allegedly indicted in Supreme Court. Thereafter the proceeding was transferred to County Court, and it was not until arraignment in County Court that the transfer to Family Court was ordered.

There is, however, specific authority for the transfer of the case to Family Court at this stage of the proceedings. Subdivision b of section 19 of article VI of the Constitution provides that the County Court "shall transfer to * * * family court any action or proceeding which has not been transferred to it from * * * family court and over which the county court has no jurisdiction." The balance of this subdivision states that the County Court may transfer to Family Court any action or proceeding except a criminal action or proceeding involving felonies prosecuted by indictment. In view of this latter provision, it might seem that the fact that this defendant has allegedly been indicted would exclude the right to transfer this case, but we must consider and interpret this provision in accordance with the general plan of article VI. To prevent a transfer there must be a valid indictment against the defendant. However, the Legislature, which defines crimes in this State and without whose definition no act is a crime (Penal Law, § 22; *People ex rel. Blumke v. Foster,* 300 N. Y. 431, 433; *People v. Lewis,* 260 N. Y. 171), has, as authorized by subdivision b of section 13, determined that an assault between spouses shall not be brought within the category of crimes until and unless a Family Court Judge, having decided that the processes and remedies of his court are inappropriate, has transferred the proceeding to the appropriate court for criminal proceedings. Then the right to indict may arise for the first time.

As we have said, when the present matter came to the attention of the District Attorney, he should have caused it to be transferred or originally processed in the Family Court. His determination to obtain an indictment was completely beyond his powers as limited by the Constitution and the Family Court Act, and the ensuing indictment was improperly procured. It, therefore, cannot be considered under all of these circumstances a valid indictment as contemplated in subdivision b of section 19 of article VI of the Constitution.

In view of several decisions of other courts which indicate a belief that the procedure authorized by the Family Court Act is in conflict with the constitutional power of a Grand Jury to indict, we feel constrained to comment on this point at greater

length. (See *People* v. *Radison*, 40 Misc 2d 1063; *Matter of Ricapito* v. *People*, 38 Misc 2d 710, affd. 20 A D 2d 567; *People* v. *Klaff*, 35 Misc 2d 859, 35 Misc 2d 862.) There is nothing in the Constitution which grants to a Grand Jury an unlimitable right to indict as would appear from reading these cases. Section 6 of article I of the New York State Constitution, which must be considered along with all other constitutional enactments, provides that no person shall be held to answer for an infamous crime, with certain limited exceptions, unless on indictment of a Grand Jury. This section is not a statement that a Grand Jury may indict for any and all types of "infamous crimes". The section itself contains exceptions. Further exceptions may, of course, be created by constitutional amendment, as here, or by clear legislative action as was achieved in the Family Court Act. But what is lost sight of is the fact that this section was not included in the Constitution for the purpose of preserving to a Grand Jury the right to indict in any and all cases of "infamous crimes". Also overlooked is the right of the Legislature to define "infamous crimes". (Penal Law, § 22; *People* v. *Stern*, 3 N Y 2d 658, 661; *People* v. *Ryback*, 3 N Y 2d 467, 471.) Rather, section 6 of article I was enacted primarily for the protection of those accused. Accordingly, any other constitutional or legislative provision that affords additional safeguards and protection to an accused is clearly not in conflict. Therefore, when the Family Court Act says, in effect, that a family offense shall not be treated as a crime until a Family Court Judge has so determined, it cannot be said that this in any way harms anyone who is within the protective scope of section 6 of article I of the New York State Constitution. (Cf. *People* v. *Lewis*, 260 N. Y. 171, *supra*; *People* v. *James*, 9 N Y 2d 82, 86.)

Those who would destroy the legal purposes and the social objects of the Family Court Act seek narrow interpretations to accomplish their end. They assume that Family Court Judges will not act judiciously in determining when a given case should remain in Family Court and when it should be transferred to the criminal courts. They prefer to have the District Attorney make these decisions. Under their construction of the law, it would be within the province of an ambitious or overzealous District Attorney to destroy the beneficial aspects of the act within his own county. In substituting the judgment of a District Attorney for the determination of a Family Court Judge they would thus abnegate that portion of the Family Court Act which makes the determination a judicial one.

We may not presume that the inclusion in the statute of *all* family assaults rather than merely misdemeanor assaults

within the exclusive original jurisdiction of the Family Court was casual or not carefully considered. This law was drafted by the Joint Legislative Committee on Court Reorganization, and we must assume that the language employed was carefully selected. Further, as against the determination in the cases above cited that family assaults, as defined in the act, would encompass only misdemeanors, the Judicial Conference has stated: "The jurisdiction of the Family Court is not limited to any particular degree of assault." (Eighth Annual Report of the Judicial Conference of State of New York, 1963, p. 72.)

Unless a statute is clearly unconstitutional it should be given the construction which favors constitutionality. (*People* v. *Finkelstein*, 9 N Y 2d 342.) Our Court of Appeals has said in *Matter of Roosevelt Raceway* v. *Monaghan* (9 N Y 2d 293, 303): "It is, however, wise and settled policy to hold a statute unconstitutional ' only as a last resort ' ''.

Consideration of all of the constitutional and statutory provisions together shows clearly that the preservation of exclusive original jurisdiction is proper and in accordance with the Constitution. The implementing legislation not only was authorized by the Constitution but follows the constitutional plan and scope and is valid constitutionally and legislatively.

At the outset of this opinion we stated that the District Attorney " seeks " to appeal from the order of transfer. We have discussed the merits which would be involved in this controversy had the order of transfer been an appealable order, because of the contrary decisions which we have cited. We conclude, however, that the order is not appealable and that the case is not presently before us.

When the *Ricapito* case (20 A D 2d 567, *supra*), which was an article 78 proceeding, was before the Second Department that court said: " There is no showing that petitioner moved in the County Court for the transfer to the Family Court, as provided in section 813 of the Family Court Act. A denial of such a motion would be a proper subject of review on appeal should there be a judgment of conviction ''. We agree with this reasoning but, of course, it applies only to a defendant who has been denied a transfer. However, the court clearly took the position that an order of denial was an intermediate order. The District Attorney contends that the present order is final, but he has failed to so demonstrate. Therefore the appeal should be dismissed.

BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Appeal unanimously dismissed.