Joseph Jiudice, J.
This is a family offense proceeding transferred to this court by an order signed by John R. Schwartz, Dutchess County Judge, on December 30,1964. The order itself was not received in Family Court until March 15,1965.
Genevieve Parrett was indicted by the Grand Jury of the County of Dutchess by indictment dated August 11,1964, charging her with the crime of assault in the second degree, a felony, alleging Genevieve Parrett assaulted her husband, Donald Parrett, with a knife, inflicting grievous bodily harm. She was indicted on two counts of assault in the second degree, both felonies, and also the crime of possession of weapons or dangerous instruments and appliances, a misdemeanor.
This court scheduled this family offense proceeding on April 14, 1965, and thereupon learned the respondent Genevieve Parrett resided outside the jurisdiction of this court, more particularly, in the State of Ohio.
This matter was rescheduled to May 3, 1965, in the Family Court, at which time the respondent and her attorney appeared and denied the allegations of this family offense proceeding.
The court directed the Probation Department of Dutchess County to determine the whereabouts of Donald Parrett. It was determined later Donald Parrett resides in the State of Pennsylvania.
This court has not received any assurances that either party would return to the State of New York and make a home here. Moreover, it must be conceded both parties are living separate and apart in different States in the Union.
*574 Section 812 of the Family Court Act states: ‘1 The family court has exclusive original jurisdiction over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household.”
The jurisdiction of the Family Court extends within the boundaries of the State of New York only. Its processes are invalid outside the boundaries of the State of New York and, therefore, the Family Court cannot compel parties outside the State of New York to attend a family offense proceeding in this State.
The purpose of creating a family offense proceeding, with few exceptions, was not to secure a criminal conviction and punishment, but practical help for the members of the family. A family offense proceeding contemplates conciliation procedures under the Family Court Act.
In this factual situation, the parties are residing outside the State of New York and have separated as husband and wife. There is very little likelihood they will return to this State and less likely they will resume their marital relationship.
It is evident, therefore, the conciliation procedures cannot be utilized in this situation, both because of the great distances that separate this court from both parties and, further, this court lacks jurisdiction over the parties residing outside the confines of the State of New York.
After much deliberation, this court comes to the conclusion the rehabilitative processes of the Family Court cannot be effectively administered and, therefore, this court refers this matter back to the County Court in order to obtain jurisdiction over both parties and for appropriate criminal action.