Ernest L. Signorelli, J.
Defendant makes this motion for an order dismissing an assault in the third degree complaint brought by the wife against her husband. In support of this application, the defendant contends that the Family Court has exclusive original jurisdiction over an intrafamilial assault case, and that the District Court is therefore devoid of jurisdiction. As authority for his position, the defendant relies on People v. Johnson, decided by the Court of Appeals on July 7, 1967 (20 N Y 2d 220), which is the most recent pronouncement by the Court of Appeals on this subject.
The Johnson case stands for the proposition that the County Court is without jurisdiction to try a defendant on an indictment accusing him of feloniously assaulting his wife, in view of the fact that article "VT (§13, subd. b) of the New York State Constitution in setting up the Family Court, invested that court with jurisdiction over “ crimes and offenses by or against minors *639 or between spouses or between parent and child or between members of the same family or household.”
The New York State Legislature, pursuant to this constitutional provision, then proceeded to enact the Family Court Act, and section 811 of article VIII thereof declares that this court is better equipped to deal with family offenses, since the persons involved are asking for practical help rather than criminal conviction and punishment. The Family Court is therefore granted ‘ ‘ exclusive original jurisdiction over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses ” (§ 812).
In view of the foregoing constitutional and statutory provisions, the Court of Appeals therefore held in the Johnson case that initially, it was incumbent upon the County Court to dismiss the indictment, and transfer the matter to the Family Court. Upon transferral to the Family Court, that tribunal then has the responsibility of making an initial determination as to whether or not the assault should be treated as a “ family offense ” or in the alternative, to be resubmitted to the County Court for criminal prosecution.
Chief Judge Fuld, in rendering this decision, disaffirmed a series of lower court decisions which had held to the contrary, (Matter of Best v. Macklin, 46 Misc 2d 622; People v. Radison, 40 Misc 2d 1063; Matter of Koeppel v. Judges of Family Ct., 44 Misc 2d 799; Matter of Parrett v. Parrett, 46 Misc 2d 573; People v. Harkins, 49 Misc 2d 673; People v. Klaff, 35 Misc 2d 859; Matter of Ricapito v. People, 38 Misc 2d 710) and affirmed the holdings in cases decided by the Appellate Division of the Fourth Judicial Department. (People v. De Jesus, 21 A D 2d 236; People v. Pieters, 26 A D 2d 891.)
Upon a careful analysis of Chief Judge Fuld’s decision, it is significant that nowhere in his opinion is it stated that an assault which is perpetrated by one spouse over another is not in and of itself a crime. What this decision does signify however, is that an intrafamilial offense is not to be treated in a criminal way until a Family Court Judge has so decreed. Its province in this regard cannot be invaded by any other tribunal, and in fact, it has the option of first refusal, or a priority of examination into a family offense.
It is the humble opinion of this writer that the Johnson case does not intend that an act as defined and set forth in the Penal Law is not to be considered a crime simply because it is perpetrated by one spouse upon the other.
The important question which needs to be decided in the case at bar, is whether or not the District Court has the authority *640 to entertain an intrafamilial assault complaint at the outset, only for the purposes of transferral to the Family Court. The defendant maintains that since the Constitution and the Family Court Act intended that these matters are to be civilly treated, the District Court would be subverting this intended purpose, and would be violating his constitutional rights in entertaining a criminal complaint.
However, this argument is not tenable in view of the fact that the very same Family Court Act further provides in section 813 as follows:
“ § 813. Transfer to family court.
“ (a) Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court in the county in which the criminal court is located, unless
“ (i) the complainant withdraws the complaint not later than three days from the time it was made; or
“ (ii) the family court had transferred the proceeding to the criminal court; or
“ (iii) the complaint is dismissed for legal insufficiency.
“(b) The phrase ‘‘ criminal complaint ’ ’ as used in this article includes an information.”
Section 814 directs the Criminal Court, after it has entertained a criminal complaint charging disorderly conduct or an assault between spouses, et cetera, to transfer said proceedings to the Family Court, and empowers the criminal court to “hold the defendant, admit to, fix or accept bail, or parole the defendant for hearing before the family court.”
In all candor, I must admit however, that sections 813 and 814, in their entirety, appear to be contrary to the acknowledged purpose contained in section 811 of the Family Court Act. This section declares that it is the intention of article 8, in dealing with family offense proceedings, to “ create a civil proceeding for dealing with ” family offenses, and in pursuit of this purpose, section 812 then goes on to grant to the Family Court exclusive original jurisdiction over these proceedings. Since a proceeding involving a family offense is by statutory mandate,, to be treated as a civil matter, and be instituted in the first instance in the Family Court, it would therefore appear that the issuance of a warrant, or the holding of the defendant to bail by a criminal court would negate the ‘ ‘ civil proceeding ’ ’ approach created by article 8.
*641 In effect, sections 813 and 814 appear to be inconsistent with sections 811 and 812 of the same article, and further appear to violate the aforesaid constitutional provision setting up the Family Court.
The District Court has original jurisdiction of all misdemeanors committed any place within the territorial jurisdiction of the court (UDCA, § 2001) and this jurisdictional fact, taken together with the transferral provisions contained in sections 813 and 814 of the Family Court Act, would preclude a dismissal of this information except on the grounds of legal insufficiency. In addition, when a court is concerned with a statute which admits of two constructions, and unless it is clearly unconstitutional, it should be given the construction which favors constitutionality. It is incumbent upon the court in construing a statute, to assume that the Legislature was cognizant of the constitutional requirements. (People v. Ringe, 197 N. Y. 143; People v. Finkelstein, 9 N Y 2d 342.)
This motion is accordingly denied, and this matter is hereby ordered transferred to the Family Court.