Paul Kelly, J.
This is a motion to dismiss the indictment and for an order transferring all the proceedings herein from the County Court to the Family Court of Nassau County. Defendant is charged with assault, second degree. The particular act involved herein arose as a result of an altercation between defendant and his wife during which the defendant is charged with stabbing his wife with a knife. The defendant urges this court to transfer the entire proceedings to the Family Court inasmuch as the alleged assault arose during a “ family dispute ” (People v. De Jesus, 21 A D 2d 236). The District Attorney on the other hand urges this court to follow *1076 the recent cases (People v. Radison, 40 Misc 2d 941; People v. Klaff, 35 Misc 2d 859, 862; Matter of Ricapito v. People, 20 AD 2d 567).
We are presented with the problem of whether the Family Court, in the case of a felonious assault inflicted by one spouse upon another, is the sole and exclusive forum to the exclusion of the County Court. The act complained of for which the defendant stands indicted is clearly a crime against the State if proven, beyond a reasonable doubt, to the satisfaction of a jury (Penal Law, § 242).
Equally, it is within the power and in fact it is the duty of the Grand Jury to inquire into all crimes committed, present them to the court (Code Grim. Pro., § 245) which must try and determine all such crimes (Code Crim. Pro., § 39). Such mandate and jurisdiction of the County Court is rooted in article VI (§ 11, subd. a) of the New York State Constitution: “ The county court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such county court in the manner provided by law * * * over all crimes and other violations of law ’ ’. The Family Court, also a creature of constitutional enactment: “ Shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * crimes and offenses * * * between spouses ” (N. Y. Const., art. VI, § 13, subd. b). The .Legislature has designated the Family Court to have “ exclusive original ” jurisdiction over assaults between spouses (Family Ct. Act, § 812). The constitutional grant, and subsequent legislative enactment upon which it must stand did not, in establishing the Family Court, limit or restrict the jurisdiction and powers of the Grand Jury to indict nor the County Court to try such indictments (N. Y. Const., art. VI, § 13, subds. a, b; § 11, subd. a; see, also, Family Ct. Act, § 114). In fact, article VI (§ 19, subd. b) of the New York State Constitution states: “ The county court may transfer any action or proceeding, except a criminal action or proceeding involving a felony prosecuted by indictment ”.
It is the finding of this court that there continues to exist jurisdiction in the County Court in the case of felonious assaults between spouses where the court is proceeding by indictment.
The constitutional enactments (art. VI, § 13, subds. a, b) notwithstanding the seemingly sweeping legislative wording of “ exclusive original ” in the Family Court Act confers a jurisdiction which did not heretofore exist but has not and was *1077 not intended to limit the general jurisdiction of the Grand Jury or the County Court over indictable crimes. In this regard, it may be noted that Courts of Special Session are given1 ‘ exclusive jurisdiction ” over certain minor crimes (Code Grim. Pro., § 56). The power of such courts to proceed is lost upon indictment (Code Grim. Pro., § 59). There, as in the case at bar, the words exclusive jurisdiction were not intended to limit the general jurisdiction of the Grand Jury to indict or the County Court to try such indictments. Recognizing that permissive jurisdiction in certain assaults attach to the Family Court, we must consider whether the within matter should be transferred (Family Ct. Act, § 813). The stated purpose as pertinent hereto in establishing the Family Court is found in section 811 of the Family Court Act:
“ In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a 1 criminal charge ’ to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.
“ The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court.” (Emphasis supplied.)
The stated purpose is to provide a civil proceeding and to extend help in dealing with family altercations which properly are correctable by orders of protection or conciliation proceedings and which do not lend themselves to criminal court treatment (see, also, Joint Legis. Committee Report on Court Reorganization [1962], Family Ct. Act, p. 2). In light of such expressed legislative intent and our previous discussion, we do not find the directive ‘' shall be transferred ’ ’ as mandatory but rather permissive (Family Ct. Act, § 813) in the case of felonious assaults.
Can it be said that where a defendant spouse has perpetrated a felonious assault that the matter is one where the preservation of the family tranquillity is paramount and the matter should not be dealt with criminally? We think not. (People v. Klaff, 35 Misc 2d 859, 862, supra; People v. Radison, 40 Misc 2d 941, supra.)
*1078 For example, let us examine section 240 of the Penal Law:
“ A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another:
“ 1. Assaults another with a loaded fire arm, or any other deadly weapon, or by any other means or force likely to produce death; or,
“ 2. Administers to or causes to be administered to or taken by another, poison, or any other destructive or noxious thing, so as to endanger the life of such other,
‘ ‘ Is guilty of assault in the first degree. ’ ’
Also, of course, are the acts set forth in section 242 of the Penal Law of this State dealing with assault in the second degree. Acts of this nature, even when committed between members of the same household or between spouses are not acts which should go unpunished. Even more important than punishment, however, is whether or not a perpetrator of such an act should 'be permitted to continue to endanger society. Above all, these acts are crimes against the People of the State of New York and society must be considered as well as the “ family tranquillity.”
Finally, this court must take note of the recent decision in the case of People v. De Jesus (21 A D 2d 236, supra). The learned court rendering that decision takes substantial note of article VI (§ 13, subd. b) of the New York State Constitution and, in particular, its opening phrase, to wit: “ The family court shall have such jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law ”. (Emphasis supplied.)
The court continues to cite the 'Constitution (art. VI, § 7, subd. c) as follows: ‘ ‘ If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that action and proceedings of such classes may be originated in such other court or courts.” (Emphasis supplied.)
This court respectfully differs with the interpretation given to subdivision b quoted above as requiring origination of the subject matter of this case in the Family Court. The opening sentence is no different than that which deals with County Court (N. Y. Const., art. VI, § 11, subd. a) or with Civil Court of the City of New York (N. Y. Const., art. VI, § 15, subd. b). It cannot be urged that the interpretation of the language used in each of the sections referred to should be different depending *1079 upon the court to which it applies. It is the opinion of this court that the phrase in question must be interpreted to mean that the court “ shall have such jurisdiction ” over those classes of actions and proceedings which are in fact originated in said court.
Based upon all of the foregoing, it is the opinion of this court that this motion must be denied.
It should not be construed that this area of law is entirely clear and free of dispute, but it is not for this court to act in place of the Legislature or a court of appellate jurisdiction.