The People of the State of New York, Respondent, v. George Davis, Appellant.

First Department, April 6, 1967.

· *Nathan Dershowitz* of counsel (*William E. Hellerstein* with him on the brief; *Anthony F. Marra,* attorney), for appellant.

*Peter R. DeFilippi* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

BOTEIN, P. J. Defendant has been indicted by the Grand Jury of Bronx County for crimes allegedly committed against his infant son, namely, assault in the second degree (Penal Law, § 242), and endangering the life or health of a child (§ 483).

On the ground that jurisdiction lay in the Family Court, and not in the Supreme Court, defendant moved that the matter be transferred to the Family Court. After denial of the motion defendant was allowed to plead guilty to assault in the third degree in satisfaction of the indictment and was sentenced for that crime. On this appeal from the judgment of conviction defendant renews his jurisdictional contentions (see *Matter of Ricapito* v. *People*, 20 A D 2d 567; *People* v. *De Jesus*, 21 A D 2d 236, 242).

Article 8 of the Family Court Act creates a civil proceeding for dealing with "family offenses." The jurisdictional statement, which also defines such offenses, is found in section 812, as follows: "The family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household. For purposes of this article, 'disorderly conduct' includes disorderly conduct not in a public place."

The act anticipates that a family offense may initially give rise to a "criminal complaint," and provision is made in section 813, quoted in the note,[1] for the transfer of such a complaint by the "criminal court" to the Family Court.

The sense in which the term "exclusive original jurisdiction" is used in the Family Court Act is set forth in section 114 as follows: "When used in this act 'exclusive original jurisdiction' means that the proceedings over which the family court is given such jurisdiction must be originated in the family court in the manner prescribed by this act. The provisions of this act shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of article six of the constitution of the state of New York." The cautionary last sentence finds its genesis in section 13 of article VI of the State Constitution. That section, which establishes the Family Court and prescribes its jurisdiction, concludes with the following subdivision: "d. The provisions of this section shall in no way limit or impair the

---

1. "(a) Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court in the county in which the criminal court is located, unless (i) the complainant withdraws the complaint not later than three days from the time it was made; or (ii) the family court had transferred the proceeding to the criminal court; or (iii) the complaint is dismissed for legal insufficiency.

"(b) The phrase 'criminal complaint' as used in this article includes an information."

jurisdiction of the supreme court as set forth in section seven of this article." A preceding subdivision enumerates seven classes of actions and proceedings over which the Family Court shall have jurisdiction. The last reads: " (7) as may be provided by law: the guardianship of the person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household."

Section 7 of Article VI of the Constitution defines the jurisdiction of the Supreme Court.[2] As intimated by the above-mentioned references to that section in both constitutional and statutory provisions creating the Family Court, the jurisdiction of that court is not exclusive of the jurisdiction of the Supreme Court. The intendment of the section — emphasized by the mandate in subdivision c that the Supreme Court shall have jurisdiction over new classes of actions and proceedings although the Legislature may provide that another court may also have jurisdiction — is that jurisdiction shall be concurrent (cf. *Vazquez* v. *Vazquez*, 26 A D 2d 701, 702). In the City of New York, where the acts giving rise to this case allegedly occurred, the Supreme Court, by the New York City clause in subdivision a of section 7, is given exclusive jurisdiction over crimes prosecuted by indictment, " provided, however, that the legislature may grant   *   *   *   to the family court in the city of New York jurisdiction over crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household." The proviso does not authorize the Legislature to grant exclusive jurisdiction. Accordingly, in the City of New York the Supreme Court does

---

2. Section 7 reads as follows:

" a. The supreme court shall have general original jurisdiction in law and equity and the appellate jurisdiction herein provided. In the city of New York, it shall have exclusive jurisdiction over crimes prosecuted by indictment, provided, however, that the legislature may grant to the city-wide court of criminal jurisdiction of the city of New York jurisdiction over misdemeanors prosecuted by indictment and to the family court in the city of New York jurisdiction over crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household.

" b. There may be separate divisions of the supreme court established by the appellate division of the supreme court in each department for various classes of actions and proceedings.

" c. If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts."

have subject matter jurisdiction, whether or not exclusive, over the offense which the defendant committed against his son, and his motion to transfer the proceedings to the Family Court, to the extent that it was based on the absence of such jurisdiction, was properly denied.

The conclusion that the Supreme Court has jurisdiction, however, does not necessarily mean that it must retain it in preference to the Family Court. That it must is contingent on whether its jurisdiction is exclusive or is concurrent with that of the Family Court. Only if exclusive does the Constitution bar a transfer.[3]

It has been suggested that, "while the Constitution empowers the Legislature to grant the Family Court in the City of New York jurisdiction over ' crimes and offenses by or against minors or between spouses ' (N. Y. Const., art. VI, § 7, subd. a), the Supreme Court still remains with ' exclusive jurisdiction over crimes prosecuted by indictment ' (N. Y. Const., art. VI, § 7; § 13, subd. d)." (*People* v. *Radison,* 40 Misc 2d 1063, 1064.) This reading of the New York City clause, in our opinion, excessively restricts the power of the Legislature. Before the adoption of the recent constitutional amendments establishing a unified court system for the State, trial of crimes prosecuted by indictment, although within the jurisdiction of the Supreme Court throughout the State, as a matter of practice and acceptance, in New York City constituted the business of the Court of General Sessions of New York County and the County Courts of the other four counties in the city; outside the city indictments were generally tried in County Courts. The amendments abolished the five courts functioning in the city (N. Y. Const. art. VI, § 35, subd. a; see Code Crim. Pro. § 50), but the County Courts outside the city were continued (N. Y. Const. art. VI, § 10; see Code Crim. Pro., § 39). Within the City of New York, in consequence, the Supreme Court was alone left with jurisdiction over crimes prosecuted by indictment. The New York City clause so states, with, to repeat, the reservation set forth in the proviso which authorizes the Legislature to grant jurisdiction also (1) with respect to misdemeanors prosecuted by indictment, to the city-wide court of criminal jurisdiction, and (2) with respect to "crimes and offenses." involving minors

---

3. Art. VI (§ 19, subd. a) provides in part as follows: "The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties."

or family members, to the Family Court in the city. No limitation is placed on the comprehensive words "crimes and offenses" which would contract their meaning to crimes and offenses not prosecuted by indictment. That the Legislature is empowered to endow the Family Court in the City of New York with jurisdiction over crimes prosecuted by indictment therefore seems clear.

We think it also clear that the Legislature has exercised its power by enactment of the Family Court Act, which "applies in all counties of the state of New York" (§ 112) and contains provisions expressly addressed to the City of New York (e.g., §§ 121-126). There can be little question, in the face of sections 812 and 813 above quoted and the policy declaration in section 811,[4] that the Legislature intended to vest the Family Court with all constitutionally permissible jurisdiction to deal in the first instance with family offenses, including any complaint of assault, felonious or not, "between spouses or between parent and child or between members of the same family or household."[5] It is concluded, therefore, that by reason of the

---

4. "§ 811. Finding and purpose. "In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a 'criminal charge' to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.

"The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court."

5. Section 813, in directing the transfer of criminal complaints to the Family Court, was amended in 1964 to provide inter alia that the phrase "criminal complaint" includes an information (L. 1964, ch. 156, § 2). Textually the amendment does not exclude an indictment from the phrase, and we find no evidence of a legislative intention to exclude it. (See Memorandum of Joint Legislative Committee on Court Reorganization, N.Y. Legis. Annual, 1964, pp. 190, 191, and Memorandum of the Association of the Bar of the City of New York Committee on the Family Court and Family Law, pp. 200, 201). While an indictment may ordinarily charge a more serious crime than an information, section 812 does not purport to limit the Family Court's jurisdiction over an assault constituting a family offense "to any particular degree of assault" (see Eighth Annual Report of the Judicial Conference, 1963, p. 72; *People v. De Jesus*, 21 A D 2d 236, 241, 242, *supra*; but, see, *People v. Johnson*, 44 Misc 2d 1075, affd. 27 A D 2d 547). That section 812 embraces indictable felonious assault is also indicated by the passage by the Legislature of a bill, thereafter vetoed by the Governor, which "would restrict the exclusive original jurisdiction of the Family Court over family offenses to acts constituting assault in the third degree" (N.Y. Legis. Annual, 1964, p. 552). Assault in the third

New York City clause and the adoption of the Family Court Act the jurisdiction of the Supreme Court over family offenses in New York City is not exclusive.

Although the Supreme Court may not be divested by statute of its constitutionally derived jurisdiction (*Matter of Malloy,* 278 N. Y. 429, 432; *Barone* v. *Ætna Life Ins. Co.,* 260 N. Y. 410, 414), " it need not exercise it if the legislature has given to other tribunals the requisite jurisdiction " (*Matter of Runk,* 200 N. Y. 447, 460; cf. *Noll* v. *Ruprecht,* 256 App. Div. 926, affd. 282 N. Y. 598; 1 Jessup-Redfield Surrogates' Law and Practice, §§ 56, 82, 112, 113; and see the constitutional provi-- sion quoted in note 3 herein). In the matter at bar the Legis- lature has given the requisite jurisdiction to the Family Court, not merely in general terms, but has plainly expressed its desire that the Family Court have priority of examination into family offenses, and has formulated a procedure for enforce- ment of the priority, as well as for surrender of jurisdiction where appropriate. We see no reason, in the absence of extraor- dinary circumstances not readily envisioned, for the Supreme Court to deviate from the procedure or to withhold adherence to the legislative view that the Family Court is a more suitable instrument for dealing with domestic discord signaled by dis- orderly conduct or assault. It is not to be overlooked that an order by the Family Court denying transfer of a family offense proceeding to the Supreme Court or any other " appropriate criminal court " is subject to review by the Appellate Division of the Supreme Court (Family Ct. Act, § 1012).

The instant indictment charges a shocking offense—that defendant placed his two-year-old son on a hot stove. The court thought, understandably, transfer of the case to the Family Court would be futile, believing it would undoubtedly be returned for criminal processing. But whether remedies

degree is a misdemeanor (Penal Law, § 245; *People* v. *Rytel,* 284 N. Y. 242, 246). The Legislature did not carry forward into the Family Court Act the provisions of the former Children's Court Act of the State of New York (§ 6, subd. 4) and Domestic Relations Court Act of the City of New York (§ 61, subd. 2) limiting jurisdiction of offenses by parent against child to those less than the grade of a felony.

We do not regard the provisions of the Family Court Act relating to family offenses as curtailing the powers of the Grand Jury (but, see, *People* v. *Johnson* 44 Misc 2d 1075, affd. 27 A D 2d 547, *supra*), which, it is recognized, may not be done " in the absence of a clear constitutional or legislative expres- sion " (*People* v. *Stern,* 3 N Y 2d 658, 661). An indictment is accusatory process (Code Crim. Pro., § 247; see *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 391); if the charge of crime it contains is judicially disposed of in accordance with a procedure sanctioned by the Legislature, no curtailment of the power to accuse would seem involved.

available to the Family Court would be useless is a question the Legislature desired that court to determine, subject to appellate correction. In what circumstances, if ever, the Supreme Court would be justified in determining it as a matter of law we need not now consider. (Compare the explicitness with which discretionary power is granted by section 312-c of the Code of Criminal Procedure, authorizing the court to investigate a defendant "who was fifteen years of age at the time of the commission of a crime which is punishable by death or life imprisonment," and to remove the action to the "children's court" [now deemed to refer to the Family Court by reason of L. 1962, ch. 689, § 41] if thereby "the ends of justice, the best interests of the state and the welfare of the defendant would be served".)

The record filed on this appeal does not reveal the nature of the proceedings prior to indictment. If defendant was arraigned in the New York City Criminal Court and ordered held for the Grand Jury, we agree that the matter instead "should have been transferred to Family Court at the time of the arraignment" (*People* v. *De Jesus*, 21 A D 2d 236, 240, *supra*). However, as far as the relationship between Supreme Court and Family Court is concerned, we think that when a putative family offense comes to the attention of the District Attorney, he has power to bring it before the Grand Jury, instead of either the Criminal Court or the Family Court, and the Grand Jury has power to find a valid indictment (but cf. *People* v. *De Jesus, supra,* and *People* v. *Pieters,* 26 A D 2d 891, both Fourth Department cases primarily involving the relationship between County Courts and Family Court and which seem to carry contrary implications). The discussion is in terms of power, not in terms of the wisdom of exercising it. With District Attorney and Grand Jury both aware that the matter will in ordinary course be transferred to the Family Court, referral to the Grand Jury may become unlikely. But the jurisdiction granted the Supreme Court to inquire, by the intervention of a Grand Jury, of all crimes committed in the county (Code Crim. Pro., § 22) is not inconsistent with the purposes of the Family Court Act, which requires that a family offense be charged, in the Family Court or a criminal court, before the procedures of the act begin to function. As pointed out in note 5 herein, the act does not curtail the powers of the Grand Jury. In sum, the power to indict for a family offense may be seldom invoked, but it exists; and the possibility of its usefulness in the infrequent situation should not be foreclosed.

There is a suggestion in *People* v. *De Jesus* (p. 239) that "if a petition should happen to be presented to Supreme Court in a matter that should have been initiated in Family Court," it may well be "that Supreme Court could retain the matter, but it would then be acting as a Family Court and would be required to follow the processes and procedures of the Family Court Act"; i.e., presumably, in the case of a family offense, by eschewing criminal prosecution and engaging in such Family Court procedures as, for example, making orders of protection or conciliation efforts. Neither in the *De Jesus* case nor in the later *Pieters* case was the court required to implement this dictum, which impliedly recognizes a certain concurrent jurisdiction over family offenses in both the Supreme and Family Courts. In both these cases the original criminal jurisdiction invoked was that of a County Court, which does not enjoy the all-embracing grant of general original jurisdiction given to the Supreme Court by Constitution and statute.

Retention by the Supreme Court of a family offense proceeding, on the theory that as such it can be handled in that court by the exercise of Family Court Act powers, might conceivably imply that a Supreme Court Justice could accept a family offense case and then transfer it to himself or some other Supreme Court Justice acting in their criminal court capacity. But in any event, we would generally not look with favor upon the retention by the Supreme Court of a family offense proceeding originating in that court. Evidently the Legislature regarded the Family Court as better designed and hopefully better equipped with the requisite auxiliary services to cope with such problems within the same family complex; and in the event of an abuse of discretion, the People, through the District Attorney, are better able to correct abuses through appeal than most litigants in comparable situations.

The Family Court, of course, should exercise its discretion in making the transferability determination in accordance with the guidelines set out in section 811 of the Family Court Act. The family as a unit can often be preserved as a unit by treating a family offense as an element of a possibly salvageable over-all problem rather than by bringing an individual malefactor to book in a criminal court. To deal with the entire situation, which may affect critically the lives of several individuals, is the unique and specialized function entrusted primarily, as we see it, to the Family Court.

The judgment of conviction should be reversed on the law and the facts, the matter transferred to the Family Court, and

further prosecution of the indictment stayed pending the Family Court proceedings.

WITMER, J. (concurring). I concur completely in the opinion of Presiding Justice BOTEIN. In view of the dissent I wish to emphasize what Judge BOTEIN has expressed, that the orderly administration of cases involving family offenses will be better advanced in accordance with the legislative intent by requiring that all such cases be presented first to the Family Court. In the absence of precise legislative standards establishing a clear line of demarcation between cases which must be retained in Family Court and the extreme ones which very likely should not be so retained, it seems best to have the courts develop the line on an *ad hoc* basis. If the District Attorney has reason to believe that Family Court should not retain a case but should send it to the Supreme Court for disposition under the applicable criminal laws, he may present his argument to such effect to the Family Court; and if the ruling is adverse, he may take an appeal. In this manner the intent of the Legislature may best be achieved. The jurisdiction of the Supreme Court is thus not questioned; but, as has been found expedient with respect to Surrogate's Court problems (*Noll* v. *Ruprecht,* 256 App. Div. 926, affd. 282 N. Y. 598) the Supreme Court will decline to exercise its jurisdiction where the facilities of Family Court are found to be better suited to handle a particular case; and only in the exceptional family case, where Family Court, in its sound discretion, finds the case to be beyond the reach of its beneficial services, will the case be remitted for disposition in accordance with applicable criminal laws.

CAPOZZOLI AND McNALLY, JJ. (dissenting). The Supreme Court is a court of original and unlimited jurisdiction. Concededly, it had the power to accept the plea to assault in the third degree in satisfaction of the indictment which charged assault in the second degree (Penal Law, § 242) and endangering the life and health of a child (Penal Law, § 483). We find no abuse of discretion in its so doing, especially in a case such as this, which, on its face, does not present a classical family dispute. Consequently, we would affirm the conviction.

STEVENS, J., concurs with BOTEIN, P.J.; WITMER, J., concurs in concurring opinion; CAPOZZOLI and McNALLY, JJ., dissent in opinion.

Judgment of conviction reversed, on the law and on the facts, and the matter transferred to the Family Court of the State of New York, Bronx County, and further prosecution of the indictment stayed pending the Family Court proceedings.