THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RURICO JOSHUA, Defendant.

Supreme Court, Kings County, February 8, 1989

### APPEARANCES OF COUNSEL

*Calvin Simon* for defendant. *Elizabeth Holtzman, District Attorney (Ann Gutman* of counsel), for plaintiff.

### OPINION OF THE COURT

LORRAINE MILLER, J.

Defendant, a juvenile offender, moves for dismissal of the first count of the indictment which charges him with robbery in the second degree. (Penal Law § 160.10 [1].) The indictment also charges defendant with robbery in the second degree (Penal Law § 160.10 [2] [a]), grand larceny in the fourth degree and assault in the second and third degrees. The operative facts from which the indictment emanates are as follows.

Defendant and codefendant allegedly stalked complainant on the street, stole her purse and a shopping bag and during the robbery or in flight, caused complainant injuries. The defendant contends that since he was 14 years old at the time of the alleged offense, he cannot be prosecuted as an adult on the robbery in the second degree under section 160.10 (1). The People oppose dismissal, contending that relevant statutes authorize joinder of offenses to which a defendant may have a viable infancy defense with offenses for which an infant may be prosecuted as an adult provided they arise out of the same criminal transaction.

This case raises two novel issues: can a prosecutor join within the same indictment against an infant an indictable offense with others to which a defendant has a viable infancy defense? What is the effect of conviction on any one or more of these crimes? Each of the issues can be answered by strict statutory construction and analysis. Penal Law § 30.00 (2) states that "[a] person thirteen, fourteen or fifteen years of age is criminally responsible for acts constituting" robbery in the second degree under subdivision (2) of section 160.10. Defendant therefore is properly charged with robbery in the second degree and may as a matter of law be prosecuted as an adult in Supreme Court for that offense.

CPL 200.20 (6) states in relevant part,

"Where an indictment charges at least one offense against a defendant who was under the age of sixteen at the time of the commission of the crime *and who did not lack criminal responsibility for such crime by reason of infancy, the indictment may,* in addition, *charge* in separate counts *one or more other offenses* for which such person *would not have been criminally responsible by reason of infancy,* if:

"(a) *the offense* for which the defendant is criminally responsible and the one or more other offenses for which he would not have been criminally responsible by reason of infancy *are based upon the same act or upon the same criminal transaction,* as that term is defined in subdivision two of section 40.10 of this chapter". (Emphasis added.)

This section permits the prosecution to consolidate offenses enumerated in Penal Law § 30.00 (2) for which defendant may be criminally responsible (in this case, robbery in the second degree [Penal Law § 160.10 (2)]) with offenses for which defendant may not have criminal responsibility (robbery in the second degree [Penal Law § 160.10 (1)], grand larceny in the

fourth degree, and assault in the second and third degrees), provided these offenses are based upon the same act or criminal transaction. The clear intent of the statute is to eliminate multiple prosecutions wherein several offenses are based upon the same criminal transaction. Indeed, Judge Bellacosa, in his Practice Commentary, states that "[j]udicial and prosecutorial economy * * * plus protection against multiplicitous successive prosecutions are the balanced objectives of this joinder and consolidation section." (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.20 at 396; *see also, People v Livingston,* NYLJ, June 4, 1985, at 12, col 1.) In order to determine whether joinder is proper, this court must decide whether all the offenses with which defendant is charged are part of the same criminal transaction. CPL 40.10 (1) and (2) states,

"1. * * * An 'offense' is committed whenever any conduct is performed which violates a statutory provision defining an offense; and when the same conduct or criminal transaction violates two or more such statutory provisions each such violation constitutes a separate and distinct offense * * *

"2. 'Criminal transaction' means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture."

It is clear from a cursory analysis of the facts that defendant's and codefendant's acts were part of one criminal transaction. On May 7, 1988, defendant and codefendant forcibly stole complainant's pocketbook and during the course of this robbery caused her physical injury. These facts sufficiently make out a prima facie case on each and every count of the indictment. Since the indictment properly charges defendant with robbery in the second degree (Penal Law § 160.10 [2] [a]), an offense for which he may be criminally responsible, the court finds that it may contain all other counts for which defendant may not be criminally responsible since these counts are part of the same criminal transaction. Defendant's motion to dismiss count one is therefore denied.

The final issue is the effect of conviction of those counts for which defendant has a viable infancy defense. CPL 310.85

provides the relevant authority.* If defendant is convicted for lesser crimes (grand larceny in the fourth degree, assault in the second and third degrees) or for a noninclusory concurrent crime (robbery in the second degree, "aided by another person actually present" [Penal Law § 160.10 (1)]) for which he is not criminally responsible and also one for which he is criminally responsible (robbery in the second degree, "caus[ing] physical injury" [Penal Law § 160.10 (2) (a)]) the lesser crimes and the noninclusory concurrent count, must be vacated as a nullity. (CPL 310.85 [1], [2].) If the defendant is convicted solely on those crimes for which he is not criminally responsible, the verdict must be vacated and deemed a juvenile delinquency adjudication and then transferred to Family Court in accordance with CPL article 725.

Accordingly, defendant's motion is denied for the reasons contained herein.

---

* CPL 310.85 provides,

"1. Where a verdict of guilty is rendered with respect to a crime, but the defendant is not criminally responsible for such crime by reason of infancy, the court shall proceed as provided in this section.

"2. If a verdict of guilty also is rendered with respect to a crime for which the defendant is criminally responsible, or if the defendant is awaiting sentence upon another criminal conviction or is under a sentence of imprisonment on another criminal conviction, the verdict rendered with respect to a crime for which he is not criminally responsible must be set aside and shall be deemed a nullity.

"3. If any case where the verdict is not set aside pursuant to subdivision two or this section, the court must order that the verdict be deemed vacated and replaced by a juvenile delinquency fact determination. Upon so ordering, the court must direct that the action be removed to the family court in accordance with the provisions of article seven hundred twenty-five of this chapter."