OPINION OF THE COURT
Theodore T. Jones, J.
The People move for an order removing defendant’s case to Family Court or, in the alternative, dismissing the indictment on the ground that the court is without jurisdiction to proceed further. The People seek removal or dismissal in order to prevent this court from deciding a suppression motion.
In determining this motion, the court has considered the affirmations and memoranda of law presented by the People and the defendant.
FACTUAL BACKGROUND
Defendant was charged in a multicount indictment with several counts of robbery in different degrees, and criminal possession of a weapon in the second and fourth degrees. The robbery counts relate to an armed robbery that occurred on September 5, 1993. The Grand Jury testimony was that defendant used a revolver in the alleged robbery, while the codefendant used a pistol. The weapon counts relate to the alleged possession of a .380 semiautomatic handgun on September 15, 1993. There was no testimony before the Grand Jury that this was the same gun possessed by the defendant or the codefendant on the day of the robbery.
The indictment was filed on September 27, 1993. On October 6, 1993, the indictment was amended to "read J.O.”
*794 As part of his omnibus motion, defendant moved to dismiss the indictment but did not question the court’s jurisdiction over the weapon counts. Although the court denied defendant’s motion to dismiss the indictment, it granted defendant’s motion for a Dunaway, Payton, Mapp and Wade hearing. During the hearing, which was commenced on November 18, 1993, defendant requested that the court sever the weapon counts. The court reserved decision on severance until the conclusion of the hearing. At the completion of the hearing on February 2, 1994, the court suppressed the lineup identification of the defendant. The court reserved decision on whether to suppress the gun relating to the weapon counts.
On February 4, 1994, the court severed the weapon counts. The defendant was thereafter tried and acquitted of all robbery counts. The court still has not decided the suppression motion as it relates to the weapon counts.
In July 1994 the People requested that the court remove the weapon counts to Family Court. This court asked the parties for briefs on the court’s jurisdiction over the decision on suppression with regard to the weapon counts. In their brief, the People submit that the court lost jurisdiction over the weapon counts at the time of severance and that it must now remove those counts to Family Court or dismiss the case without taking any further action. Defendant contends that CPL 210.20 (5) does not mandate removal, and the People’s request should be denied.
JURISDICTION
Although courts have consistently concluded that the age of a defendant goes to the jurisdiction,* they do not discuss the type of jurisdiction at issue (see, People v Stevenson, 17 NY2d 682, revg 23 AD2d 472 for reasons stated in dissenting opn at App Div; People v Murch, 263 NY 285, 290; People v Ennis, 94 AD2d 746, 747; Rodriguez v Myerson, 69 AD2d 162, 166-170; People v Chin Min Foo, 144 Misc 2d 589, 595; People v Alouisa, 120 Misc 2d 968, 970; People v Eric T, 89 Misc 2d 678, 679).
In People ex rel. Harrison v Jackson (298 NY 219), the Court of Appeals did not resolve the impact of age. Three members of the Court, and the Judge concurring in the result did not *795 reach the issue based on their resolution of the case. The three dissenters found that age went to the subject matter jurisdiction of a court (supra, at 233-234). Since a majority of the Court did not rule on the point, Jackson has no precedential value on whether age goes to subject matter jurisdiction. (See, James v Patten, 6 NY 9, 16; see also, Horton v California, 496 US 128, 136.)
Even if the dissenters in Jackson (supra) were correct in finding that age went to subject matter jurisdiction at the time of the decision, amendments to the CPL have since affected the court’s power over persons under 16.
In 1978 the Legislature created a class of designated offenses for which 13-, 14- and 15-year-old "juvenile offenders” are criminally liable (CPL 1.20 [42]; 190.71; Penal Law § 30.00 [2]; L 1978, ch 481). In 1980, the Legislature gave Grand Juries power to indict juvenile offenders for nondesignated offenses if the offense is properly joinable to a designated offense under CPL 200.20 (6) (CPL 190.71; L 1980, ch 136).
A nondesignated offense may be joined if it is part of the same criminal transaction as a designated offense, or if the proof of the nondesignated offense is "material and admissible as evidence in chief’ in the trial of the designated offense (or vice-versa) (CPL 200.20 [6] [b]). This power to indict and join was added in order to resolve double jeopardy concerns raised by separate proceedings for related offenses, and to promote judicial economy by avoiding duplication of proceedings (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.20, at 399-400 [1982 ed]; People v Joshua, 142 Misc 2d 842, 844). By adding this power to indict and join nondesignated offenses, the Legislature gave the Supreme Court subject matter jurisdiction over offenses that formerly had been dealt with as juvenile delinquency proceedings in Family Court (see, Rodriguez v Myerson, supra, 69 AD2d, at 166-169).
The general rule is that a court may not acquire subject matter jurisdiction by waiver, consent, estoppel, or loches (Matter of Anthony J., 143 AD2d 668, 669; see also, Lacks v Lacks, 41 NY2d 71, 75). There is an exception to this general rule where a court has jurisdiction over the general subject matter, but the challenge relates to a court’s jurisdiction over a particular case (Matter of Rougeron, 17 NY2d 264, 271, cert denied sub nom. Rougeron v Rougeron, 385 US 899; Matter of Anthony J, supra, 143 AD2d, at 669). This exception applies *796 to Supreme Court jurisdiction over nondesignated offenses, since the court now has jurisdiction over nondesignated offenses, but this jurisdiction depends on the facts of a particular case (i.e., whether it is properly joined to a designated offense). Jurisdiction in such a situation can be born through waiver, consent, or estoppel (Matter of Rougeron, supra). Implicit in this exception is that a court retains the power to act in such a case at least until the issue of jurisdiction is decided by the court.
This conclusion is supported by provisions providing that proceedings prior to removal to Family Court are deemed to have been made by the Family Court (CPL 725.10).
In this case, the robbery and the weapon counts were unrelated in time and place. The evidence of one offense would not have been admissible at the trial of the other, since there was no indication that the same weapon was involved. The court was thus required to sever the weapon counts (People v Gadsden, 139 AD2d 925, 926; People v Connors, 83 AD2d 640, 641). This conclusion, however, was not apparent from the face of the indictment. More importantly, the issue of defendant’s age was not before the Grand Jury, and only became an issue at the time the indictment was amended to reflect defendant’s juvenile status. Defendant did not raise the issue of proper joinder of the weapon counts as part of his motion to dismiss the indictment. The issue of proper joinder was not brought to the court’s attention until November 18, 1993, during the suppression hearing. A couple of days later, at the conclusion of the suppression hearing, the court severed the weapon counts and reserved decision on the issue relevant to the weapon counts. The issue of the court’s jurisdiction was not raised until the People requested that the court remove the case to Family Court in July of 1994.
On these facts, the court had jurisdiction over the weapon counts until it decided defendant’s request to sever them from the robbery counts. Although the weapon counts were not related to the robbery counts on any issue relevant at trial, they were related on issues relevant to suppression (see, CPL 200.20 [6]). Given that the hearing has already been held, deciding the suppression issue before removal fulfills the statutory purpose of CPL 200.20 (6) by avoiding duplicity of proceedings.
Of course, if age is merely a trial defense (Penal Law § 30.00), or relates to general personal or trial jurisdiction, the *797 People’s action in this matter would constitute a waiver of such a claim.
The court at least has jurisdiction to decide the suppression matter, hearings for which were completed before the severance motion was granted.
CONSTITUTIONAL JURISDICTION OF THE SUPREME COURT
Even if improper joinder of the weapon counts means that the court never had the power over those counts as a criminal court, the court may still retain jurisdiction acting as a Family Court.
The Constitution provides that the "supreme court shall have general original jurisdiction in law and equity” (NY Const, art VI, § 7). In addition: "[i]f the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts.” (NY Const, art VI, § 7 [b].)
This subdivision (b) amended the Constitution. It confers the Supreme Court with jurisdiction not just over classes of actions created after the amendment, but also classes recognized at the time of its adoption (Kagen v Kagen, 21 NY2d 532, 536). Consequently, it removed all limitations previously imposed on the court’s jurisdiction, and rendered the court one of "original, unlimited and unqualified jurisdiction” (supra, at 537).
In application, whenever the Legislature creates a new class of legislation, it automatically vests in the Supreme Court (Matter of Seitz v Drogheo, 21 NY2d 181, 186). This occurs even when the legislation purports to grant jurisdiction exclusively to another court (Matter of Seitz v Drogheo, supra; Kagen v Kagen, supra, 21 NY2d, at 537-538).
As juvenile delinquency proceedings are statutory creations, the Constitution automatically vests the Supreme Court with jurisdiction over them (Kagen v Kagen, supra, at 536-537; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 302.1, at 281; see also, People v Davis, 27 AD2d 299). It would normally be inappropriate for a Supreme Court to assume jurisdiction over juvenile delinquency matters, given the Legislature’s expressed preference that the Family Court handle such matters (see, Kagen v *798 Kagen, supra, at 538; People v Davis, supra, 27 AD2d, at 307). These concerns are not present where a court is deciding a suppression motion after a hearing involving the same issue.
The substantive decision on whether to suppress is based on the same law as that applied in criminal courts (Family Ct Act § 330.2). The procedural rules relating to suppression are either the same as those under the CPL, or very similar (see, Family Ct Act § 330.2). As such, there is nothing unique about a Family Court determination on suppression that would weigh against the Supreme Court deciding the motion.
In addition, the court has already held the hearings and was present at the hearings. The court is thus better able to decide issues of credibility.
For these reasons, it is appropriate for the court to decide the suppression issue.
The court finds it has jurisdiction to decide the suppression issue. The court’s decision on suppression will follow. After the court decides the suppression motion, it will hear the parties on the issue of removal. The People’s motion to remove or dismiss is held in abeyance.

 This section discusses the jurisdiction of the Supreme Court under the CPL, Family Court Act, and Penal Law. The constitutional jurisdiction of the Supreme Court is discussed infra.